CAUSE NUMBER: 09-06-05444-CR-(1)

William S. CASEY      §   IN THE 221ST JUDICIAL
    PRO SE            §   DISTRICT COURT OF
    EX PARTE          §   MONTGOMERY COUNTY, TEXAS

TO: MR ABEL ACOSTA,
CLERK, COURT OF CRIMINAL APPEAL TEXAS
AUSTIN TEXAS

Abel Acosta, Clerk

6 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

IN RE: PETITION FOR JUNK SCIENCE WRIT
PURSUANT TO CHAPTER § 11.073 C.C.P.

DEAR MR ACOSTA, ON OR ABOUT TUESDAY 1-13-2015 I MAILED YOU 2 OF 2 LETTERS. ONE OF THE LETTERS WAS A DENIAL FROM TRIAL COURT JUDGE LISA MICHALK OF THE 221ST JUDICIAL DISTRICT COURT OF MONTGOMERY COUNTY, TEXAS. ON THE DENIAL LETTER IT WAS DATED AND SIGNED ON THE 29 DAY OF DECEMBER 2014. BUT ON THIS SAME DAY, I HAD JUST RECEIVED THE STATE'S ANSWER HERE AT THE NEAL UNITS MAIL ROOM AND HAD NOT HAD A CHANCE TO REPLY TO THE STATE'S FILINGS AND WAS UNAWARE THAT I WOULD NOT GET A CHANCE TO ANSWER THE STATE'S ARGUMENTS, BEFORE THE HONORABLE JUDGE SIGNED AND DATED HER ORDER. ALL I AM ASKING IS A CHANCE ~~TO IS A~~ TO PROVIDE

MORE SPECIFIC FACTS WHICH I KNOW TO EXIST AND WHICH I COULD NOT HAVE PRESENTED (SINCE HE STILL NEEDS THIS COURT TO ORDER THE RECORD GIVEN TO HIM) UNTIL AFTER THE STATE'S WITNESSES HAD TESTIFIED AT TRIAL USING FABRICATED TESTIMONIES, AGED AND DEFECTIVE EQUIPMENT, AND DISPUTABLE SCIENTIFIC EVIDENCE.

PRAYER

PETITIONER PRAYS THAT THIS COURT WILL HOLD AN EVIDENTIARY HEARING TO ALLOW HIM ACCESS TO ALL OF HIS TRIAL AND COURT RECORDS AND TO DETERMINE WHETHER HE IS ENTITLED TO APPOINTED COUNSEL TO AID IN FILING A WRIT THAT PROVIDES MORE SPECIFIC FACTS, WHICH HE KNOWS TO EXIST AND WHICH HE COULD NOT HAVE PRESENTED) SINCE HE STILL NEEDS THIS COURT TO ORDER THE RECORD GIVEN TO HIM) UNTIL AFTER THE STATE'S WITNESSES HAD TESTIFIED AT TRIAL USING FABRICATED TESTIMONIES, AGED AND DEFECTIVE EQUIPMENT AND DISPUTABLE SCIENTIFIC EVIDENCE.

WHEREFORE PREMISES CONSIDERED MOVANT PRAYS THIS COURT GRANT HIS WRIT AND ANY ADDITIONAL RELIEF TO WHICH HE IS ENTITLED TO IN EQUITY AND OF LAW

SIGNED ON THIS 16TH DAY OF JANUARY OF 2015
BY AND THROUGH: William S. Caßey TDCJ#
1622557.



# BARBARA GLADDEN ADAMICK
## District Clerk of Montgomery County, Texas

### Criminal Division
P.O.Box 2985
Conroe, Texas 77305

936-539-7940                                                                         936-539-7855
936-538-8198

DATE: JANUARY 8, 2015

Defendant:  CASEY, WILLIAM SAMMY
ID NO    :  #1622557
Address  :  NEAL UNIT
         :  9055 SPUR 591
         :  AMARILLO TEXAS 79107

→ I Received This Letter 1-16-15
Around 12:00 noon at Mail Room

CAUSE NO. 09-06-05444-CR    221st Judicial District Court

Dear Defendant,

Please be advised, our office has received and filed your Letters
and/or Motions.   Our office will notify you when the order is
signed.

Thank you,

By: _Linda Haywood_____
Linda Haywood, Deputy Clerk

cc:  District Attorney

Attorney:   KAYE ELLIS STONE
            9320 LAKESIDE BLVD BLDG 2 STE 200
            THE WOODLANDS, TX 77381

No: 09-06-05444-CR-(1)

*for court filing*

§

Ex Parte
§   In The District Court

William Sammy Casey
§   of The 221st Judicial District

§   Montgomery County, Texas

RECEIVED AND FILED FOR RECORD
8:30 O'Clock __ A.M.
JAN 0 6 2015
BARBARA GLADDEN ADAMICK
District Clerk
MONTGOMERY COUNTY, TEXAS
By _____ Deputy

Petitioner's Traverse/Reply to State's Answer:

To: The Honorable Judge of the District Court:

Comes Now, Petitioner, William Sammy Casey,
Ex Parte, Appearing Through Pro Se representation
(as his Motion for Appointment of Counsel has
not, yet, been addressed) and in support of his
Reply to the State's Answer, He would
Show the following facts:

I.

The State, in its "Answer", asserts that the
Petitioner filed "an instrument captioned '
Petition For Junk Science writ' on October 3, 2014".
However, the State utterly failed to
include a complete chronology of Petitioner's
filings in this matter, To wit:

On September 4th, 2014 (not October 3rd 2014)
this Petitioner filed a Motion for Leave to
file a Junk Science writ along with a
Motion for Appointment of Counsel.

page 1 of 5

hoping, and, also believing that, since he was indigent and not capable of obtaining the records needed to establish the facts, this Court would hold a hearing to determine if he met the qualifications for appointment of counsel (pursuant to §1.051(d) c.c.p) in aid of writ and if so determined, then he could petition for Junk Science writ with counsel in a manner consistent with law.

Secondly, he did request for the District Clerk and this Court to assist him in obtaining the proper forms (if such forms were required) necessary for properly applying for a Junk Science writ (a completely novel writ and a nebulous concept to inmate's). Neither, the trial clerk nor this Court provided such forms or informed him on how to obtain them.

After more than 30 days had transpired, Petitioner did write to the Clerk of the Court of Criminal Appeals Texas in order to seek the assistance of that Court in illiciting a response from this Court (said letter to Mr. Abel Acosta was written on October 18, 2014).

Shortly thereafter, and without any hearing to determine Casey's indigency status for appointment of counsel pursuant to §1.051(d), This Court Denied Petitioner's Motion For Leave to file a Junk Science writ; through the aid of appointed counsel.

## II.

On November 4, 2014, and subsequent to the Denial of "Casey's Motion For Leave to File a Junk Science writ"; with the aid of appt. counsel, this Petitioner, without any available case law from the law library to support his claim; without any proper forms provided to him by the trial clerk, or District clerk, and without appointed counsel (pursuant to 31.051(d) C.C.P.) did file a layman's Petition for a Junk Science writ and a Motion for the appointment of counsel, hoping that this Court would construe it liberally (as filed by a Pro Se litigant).

Today, on December 29, 2014, Petitioner has received the "State's Answer", which does not challenge, dispute, or even acknowledge Casey's Pro Se Motion for Appointment of Counsel; to aid in filing his Junk Science writ.

And as best as he can conclude, the State has alleged that:

1) Petitioner's "Application filed in this case is not on the form prescribed by the Court of Criminal Appeals for use in   article 31.07 (although, it does not have to be).

2) Petitioner's application must set out specific facts... and his does not set out such facts.

3) His Petition, therefore, should be Dismissed.

page 3 of 5

However, Casey is a Pro Se litigant and can not possibly be effected to present specific facts without being allowed access to his complete Records via a Court order or the appointment of Counsel to obtain them under TX Govt. Code 552, or both.

1) Petitioner did Move this Court for a hearing to appoint Counsel, yet, his Motion was denied (previously) thereby compelling Casey to proceed on a Junk Science Writ without any appellate Record in support of "specific facts".

2) Petitioner did also request that the trial clerk Provide him with the Proper form (since he did not know where or how to obtain them) and said clerk did not. Additionally, § 11.073(6)(i) C.C.P. provides that this petitioner is permitted to file his Application in a manner provided by (& consistent with) §§§ 11.07, 11.071, or 11.072 C.C.P. Thus, he is not limited to the § 11.07 forms, on the Contrary, rather then restricting him to filing consistent with an § 11.07 format (solely) it actually broadens the scope of available methods to embrace a Junk Science writ filed in a manner consistent with an § 11.072 C.C.P. writ. The § 11.072 writ does not have a specific form required, infact the § 11.07 forms are specifically prohibited when challenging a misdemeanor or a probation sentence not yet expired, Since the § 11.072 is used to challenge Probated terms the § 11.07 form is prohibited. Thus, Petitioner was compliant by filing his Junk Science writ modeled after an § 11.072 writ (which has no format or strict form.

page 4 of 5

2) Petitioner _could_ specifically set out his facts
if he were given access to his complete Records
in order to compile specific facts already in the
record (developed during trial but not available for
review until after the trial) and present them to
the court via appointed Counsel. Thus, without
Counsel, or access to the Records it is impossible
to comply with the kind of specificity sought
be the State.

## Prayer

Petitioner Prays that This Court will _hold an_
_Evidentiary Hearing_ to allow him access to all of his
trial and court Records and to determine whether
He is entitled to Appointed Counsel to aid of in filing
a writ that provides more specific facts,
which he knows to exist and which he could
not have presented (since he still needs this Court
to order the Record given to him) until after the
State's witnesses had testified at trial using
fabricated testimonies, aged and defective
equipment, and disputable scientific evidence.

Wherefore Premises Considered Movant Prays this
Court Grant his Writ and any additional Relief
to which he is entitled to in Equity and in Law

Signed on this 29th day of December 2014

By and through: William S. Casey
TDC# 1622557

page 5 of 5